# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| WENDY SNEAD and EDWARD MOREDOCK, Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) | |
|     Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action Number 3:17-CV-949 District Judge Aleta A. Trauger |
| CORECIVIC OF TENNESSEE, LLC f/k/a CORRECTIONS CORPORATION OF AMERICA, | ) ) ) | Magistrate Judge Joe B. Brown Jury Demand |
|     Defendant. | ) ) | |

---

## ANSWER TO FIRST AMENDED COMPLAINT

---

Pursuant to Federal Rules of Civil Procedure 8 and 12, Defendant CoreCivic of Tennessee, LLC ("CoreCivic") answers the allegations of the First Amended Complaint filed by Plaintiffs Wendy Snead ("Snead") and Edward Moredock ("Moredock") in this action.

### FIRST DEFENSE

The First Amended Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE
### (Answer to First Amended Complaint, Docket Entry 1)

As to each allegation in the First Amended Complaint, CoreCivic responds as follows:

1.    CoreCivic admits that CoreCivic, Inc. previously was known as Corrections Corporation of America, that CoreCivic, Inc. operates the Metro-Davidson County Detention Facility ("Detention Facility") pursuant to a contract with the Metropolitan Government of Nashville and Davidson County, Tennessee ("Metropolitan Government"), that the Detention Facility is located in Davidson County, Tennessee, and that the inmates who are incarcerated at

the Detention Facility receive medical treatment. CoreCivic denies the remaining allegations in paragraph 1 of the First Amended Complaint and all allegations of wrongdoing.

2.      CoreCivic denies the allegations in paragraph 2 of the First Amended Complaint and all allegations of wrongdoing.

3.      Paragraph 3 of the First Amended Complaint contains allegations regarding medical conditions or opinions, which require no response. Nevertheless, and to the extent that a response is required, CoreCivic denies the allegations in paragraph 3 of the First Amended Complaint and all allegations of wrongdoing.

4.      CoreCivic admits that it operates the Detention Facility and that inmates are incarcerated in the Detention Facility. CoreCivic denies the remaining allegations in paragraph 4 of the First Amended Complaint and all allegations of wrongdoing.

5.      CoreCivic admits that Snead was incarcerated at the Detention Facility. CoreCivic lacks knowledge or information sufficient to admit or deny the remaining allegations in paragraph 5 of the First Amended Complaint.

6.      CoreCivic admits that Moredock was incarcerated at the Detention Facility. CoreCivic lacks knowledge or information sufficient to admit or deny the remaining allegations in paragraph 6 of the First Amended Complaint.

7.      CoreCivic admits that it is a limited liability company, that it is organized under the laws of the State of Tennessee, that its principal place of business is located at 10 Burton Hills Boulevard, Nashville, Tennessee 37215, that its registered agent for service of process is CT Corporation System, 800 South Gay Street, Suite 2021, Knoxville, Tennessee 37929, that it operates the Detention Facility pursuant to a contract with the Metropolitan Government, and that it houses prisoners of the State of Tennessee. The allegation in paragraph 7 of the First

Amended Complaint that CoreCivic performs a public function that traditionally is reserved to the state is a legal conclusion to which no response is required. CoreCivic denies the remaining allegations in paragraph 7 of the First Amended Complaint.

8. CoreCivic denies the allegations in paragraph 8 of the First Amended Complaint and all allegations of wrongdoing.

9. CoreCivic admits that 28 U.S.C. § 1331 and 28 U.S.C. § 1343 confer federal-question jurisdiction upon this Court.

10. CoreCivic admits that 28 U.S.C. § 1391 renders venue proper in this Court.

11. CoreCivic admits that the Detention Facility is located at 5115 Harding Place, Nashville, Tennessee 37211, that the Detention Facility has a bed capacity of 1,348 inmates, that the Detention Facility houses pretrial detainees and convicted inmates, and that there is no distinction in the conditions of their confinement.

12. CoreCivic denies the allegations in paragraph 12 of the First Amended Complaint and all allegations of wrongdoing.

13a. CoreCivic admits that medical providers at the Detention Facility respond to sick call requests that are submitted by inmates within an appropriate amount of time. The contract between CoreCivic and the Metropolitan Government speaks for itself, and CoreCivic denies all allegations in paragraph 13a of the First Amended Complaint that are inconsistent with the contract. CoreCivic denies the remaining allegations in paragraph 13a of the First Amended Complaint and all allegations of wrongdoing.

13b. CoreCivic admits that it attempts to prevent the spread of infectious diseases throughout the Detention Facility. The contract between CoreCivic and the Metropolitan Government speaks for itself, and CoreCivic denies all allegations in paragraph 13b of the First

3

Amended Complaint that are inconsistent with the contract. CoreCivic denies the remaining allegations in paragraph 13b of the First Amended Complaint and all allegations of wrongdoing.

13c. The contract between CoreCivic and the Metropolitan Government speaks for itself, and CoreCivic denies all allegations in paragraph 13c of the First Amended Complaint that are inconsistent with the contract. CoreCivic denies the remaining allegations in paragraph 13c of the First Amended Complaint and all allegations of wrongdoing.

13d-13g. CoreCivic denies the allegations in paragraphs 13d through 13g of the First Amended Complaint and all allegations of wrongdoing.

13h. CoreCivic admits that inmates who are incarcerated at the Detention Facility may require medication to treat high blood pressure and that CoreCivic ensures that these inmates receive the medications that they require. CoreCivic denies the remaining allegations in paragraph 13h of the First Amended Complaint and all allegations of wrongdoing.

13i-13o. CoreCivic denies the allegations in paragraphs 13i through 13o of the First Amended Complaint and all allegations of wrongdoing.

13p. CoreCivic admits that certain medications are designated as "keep on person," which means that the inmates may keep limited dosages of those medications in their possession. CoreCivic denies the remaining allegations in paragraph 13p of the First Amended Complaint and all allegations of wrongdoing.

13q-13y. CoreCivic denies the allegations in paragraphs 13q through 13y of the First Amended Complaint and all allegations of wrongdoing.

13z. CoreCivic admits that black lights are available to medical providers at the Detention Facility. CoreCivic denies the remaining allegations in paragraph 13z of the First Amended Complaint and all allegations of wrongdoing.

13aa. CoreCivic denies the allegations in paragraph 13aa of the First Amended Complaint and all allegations of wrongdoing.

14. CoreCivic admits that scabies is not uncommon in correctional settings. CoreCivic denies the remaining allegations in paragraph 14 of the First Amended Complaint and all allegations of wrongdoing.

15. CoreCivic lacks knowledge or information sufficient to admit or deny the allegations in paragraph 15 of the First Amended Complaint regarding the housing situations and medical backgrounds of unidentified individuals who were incarcerated at the Detention Facility on unidentified dates. CoreCivic denies the remaining allegations in paragraph 15 of the First Amended Complaint and all allegations of wrongdoing.

16-17. CoreCivic denies the allegations in paragraphs 16 through 17 of the First Amended Complaint and all allegations of wrongdoing.

18-22. Paragraphs 18 through 22 of the First Amended Complaint contain allegations regarding medical conditions or opinions, which require no response. Nevertheless, and to the extent that a response is required, CoreCivic denies the allegations in paragraphs 18 through 22 of the First Amended Complaint and all allegations of wrongdoing.

23. CoreCivic admits that scabies is not uncommon in correctional settings. CoreCivic denies the remaining allegations in paragraph 23 of the First Amended Complaint and all allegations of wrongdoing.

24. CoreCivic denies the allegations in paragraph 24 of the Complaint and all allegations of wrongdoing.

25. CoreCivic admits that Moredock was incarcerated at the Detention Facility, that Moredock was housed in Unit Foxtrot at various points during his incarceration at the Detention

Facility, and that Moredock provided maintenance services during his incarceration at the Detention Facility. CoreCivic denies the remaining allegations in paragraph 25 of the First Amended Complaint and all allegations of wrongdoing.

26. CoreCivic lacks knowledge or information sufficient to admit or deny the allegations in paragraph 26 of the First Amended Complaint regarding inmates playing cards. CoreCivic denies the remaining allegations in paragraph 26 of the First Amended Complaint and all allegations of wrongdoing.

27. CoreCivic lacks knowledge or information sufficient to admit or deny the allegations in paragraph 27 of the First Amended Complaint regarding Moredock's eating and resting preferences. CoreCivic denies the remaining allegations in paragraph 27 of the First Amended Complaint and all allegations of wrongdoing.

28. CoreCivic denies the allegations in paragraph 28 of the First Amended Complaint and all allegations of wrongdoing.

29. CoreCivic admits that Moredock received medical treatment during his incarceration at the Detention Facility. CoreCivic denies the remaining allegations in paragraph 29 of the First Amended Complaint and all allegations of wrongdoing.

30-31. CoreCivic denies the allegations in paragraphs 30 through 31 of the First Amended Complaint and all allegations of wrongdoing.

32. CoreCivic admits that Moredock submitted a sick call request in November 2016. The sick call request speaks for itself, and CoreCivic denies all allegations in paragraph 32 of the First Amended Complaint that are inconsistent with the sick call request. CoreCivic denies the remaining allegations in paragraph 32 of the First Amended Complaint and all allegations of wrongdoing.

6

33.    CoreCivic lacks knowledge or information sufficient to admit or deny the allegation in paragraph 33 of the First Amended Complaint regarding an internet search that allegedly was performed.  CoreCivic denies the remaining allegations in paragraph 33 of the First Amended Complaint and all allegations of wrongdoing.

34.    CoreCivic admits that Moredock provided maintenance services during his incarceration at the Detention Facility.  At this time, CoreCivic lacks knowledge or information sufficient to admit or deny the allegation in paragraph 34 of the First Amended Complaint regarding when Moredock began providing maintenance services at the Detention Facility.  CoreCivic denies the remaining allegations in paragraph 34 of the First Amended Complaint and all allegations of wrongdoing.

35.    CoreCivic admits Moredock submitted a sick call request on December 4, 2016.  The sick call request speaks for itself, and CoreCivic denies all allegations in paragraph 35 of the First Amended Complaint that are inconsistent with the sick call request.  CoreCivic denies the remaining allegations in paragraph 35 of the First Amended Complaint and all allegations of wrongdoing.

36-38.  CoreCivic denies the allegations in paragraphs 36 through 38 of the First Amended Complaint and all allegations of wrongdoing.

39.    CoreCivic admits that Moredock received medication during his incarceration at the Detention Facility.  CoreCivic denies the remaining allegations in paragraph 39 of the First Amended Complaint and all allegations of wrongdoing.

40.    CoreCivic admits that the water at the Detention Facility was tested in January 2017.  CoreCivic denies the remaining allegations in paragraph 40 of the First Amended Complaint and all allegations of wrongdoing.

41. CoreCivic denies the allegations in paragraph 41 of the First Amended Complaint and all allegations of wrongdoing.

42. CoreCivic admits that Moredock provided maintenance services during his incarceration at the Detention Facility. CoreCivic denies the remaining allegations in paragraph 42 of the First Amended Complaint and all allegations of wrongdoing.

43. CoreCivic denies the allegations in paragraph 43 of the First Amended Complaint and all allegations of wrongdoing.

44. CoreCivic lacks knowledge or information sufficient to admit or deny the allegations in paragraph 44 of the First Amended Complaint regarding a conversation between the wife of an unidentified inmate and the Metropolitan Public Health Department ("Health Department"). CoreCivic denies the remaining allegations in paragraph 44 of the First Amended Complaint and all allegations of wrongdoing.

45. CoreCivic denies the allegations in paragraph 45 of the First Amended Complaint and all allegations of wrongdoing.

46. CoreCivic admits that Moredock received medication during his incarceration at the Detention Facility. CoreCivic denies the remaining allegations in paragraph 46 of the First Amended Complaint and all allegations of wrongdoing.

47. CoreCivic admits that Jennifer King ("King") was incarcerated at the Detention Facility on December 13, 2016, that King was incarcerated at the Detention Facility both as a pretrial detainee and as a convicted inmate, that King was housed in Unit Delta 2 from December 14, 2016 through January 7, 2017, and that King was housed in Unit Echo 1 from January 12, 2017 through January 16, 2017, from January 17, 2017 through February 14, 2017, and from February 21, 2017 through May 4, 2017. CoreCivic cannot respond to allegations in paragraph

8

47 of the First Amended Complaint regarding King's medical condition pursuant to the Health Insurance Portability and Accountability Act ("HIPAA") and T.C.A. § 10-7-504(a)(1). CoreCivic denies the remaining allegations in paragraph 47 of the First Amended Complaint and all allegations of wrongdoing.

48.     CoreCivic admits that Snead was charged with driving under the influence, that Snead was incarcerated at the Detention Facility from January 2, 2017 through May 30, 2017, and that Snead was housed in Unit Alpha 1 from January 24, 2017 through May 19, 2017. CoreCivic denies that Snead was incarcerated in Unit Alpha 1 during the entirety of her incarceration at the Detention Facility. CoreCivic lacks knowledge or information sufficient to admit or deny the remaining allegations in paragraph 48 of the First Amended Complaint.

49.     CoreCivic admits that King was housed in Unit Echo 1 from January 12, 2017 through January 16, 2017, from January 17, 2017 through February 14, 2017, and from February 21, 2017 through May 4, 2017. CoreCivic cannot respond to allegations in paragraph 49 of the First Amended Complaint regarding King's medical condition pursuant to HIPAA and T.C.A. § 10-7-504(a)(1). CoreCivic denies the remaining allegations in paragraph 49 of the First Amended Complaint and all allegations of wrongdoing.

50.     CoreCivic lacks knowledge or information sufficient to admit or deny the allegations in paragraph 50 of the First Amended Complaint regarding the medical condition of an unidentified inmate. CoreCivic denies the remaining allegations in paragraph 50 of the First Amended Complaint and all allegations of wrongdoing.

51.     CoreCivic denies the allegations in paragraph 51 of the First Amended Complaint and all allegations of wrongdoing.

9

52.     CoreCivic admits that Moredock submitted a sick call request on March 10, 2017. The sick call request speaks for itself, and CoreCivic denies all allegations in paragraph 52 of the First Amended Complaint that are inconsistent with the sick call request. CoreCivic denies the remaining allegations in paragraph 52 of the First Amended Complaint and all allegations of wrongdoing.

53.     CoreCivic admits that Moredock submitted sick call requests during his incarceration at the Detention Facility. The sick call requests speak for themselves, and CoreCivic denies all allegations in paragraph 53 of the First Amended Complaint that are inconsistent with the sick call requests. CoreCivic denies the remaining allegations in paragraph 53 of the First Amended Complaint and all allegations of wrongdoing.

54-55. CoreCivic denies the allegations in paragraphs 54 through 55 of the First Amended Complaint and all allegations of wrongdoing.

56.     CoreCivic presently lacks knowledge or information sufficient to admit or deny the allegations in paragraph 56 of the First Amended Complaint regarding a letter that is dated May 8, 2017. CoreCivic denies the allegations that are contained within the letter, the remaining allegations in paragraph 56 of the First Amended Complaint, and all allegations of wrongdoing.

57.     CoreCivic presently lacks knowledge or information sufficient to admit or deny the allegations in paragraph 57 of the First Amended Complaint regarding a letter that is dated May 9, 2017. CoreCivic denies the allegations that are contained within the letter, the remaining allegations in paragraph 57 of the First Amended Complaint, and all allegations of wrongdoing.

58.     CoreCivic presently lacks knowledge or information sufficient to admit or deny the allegations in paragraph 58 of the First Amended Complaint regarding a letter that is dated

May 9, 2017. CoreCivic denies the allegations that are contained within the letter, the remaining allegations in paragraph 58 of the First Amended Complaint, and all allegations of wrongdoing.

59. CoreCivic denies the allegations in paragraph 59 of the First Amended Complaint and all allegations of wrongdoing.

60. CoreCivic admits that King was housed in Unit Alpha 1 from February 14, 2017 through February 21, 2017 and from May 4, 2017 through May 11, 2017 and that there was not a scabies infestation in Unit Alpha 1. CoreCivic cannot respond to allegations in paragraph 60 of the First Amended Complaint regarding King's medical condition pursuant to HIPAA and T.C.A. § 10-7-504(a)(1). CoreCivic denies the remaining allegations in paragraph 60 of the First Amended Complaint and all allegations of wrongdoing.

61-62. CoreCivic admits that King spoke with CoreCivic employees during her incarceration at the Detention Facility. CoreCivic cannot respond to allegations in paragraphs 61 through 62 of the First Amended Complaint regarding King's medical condition pursuant to HIPAA and T.C.A. § 10-7-504(a)(1). CoreCivic denies the remaining allegations in paragraphs 61 through 62 of the First Amended Complaint and all allegations of wrongdoing.

63. CoreCivic lacks knowledge or information sufficient to admit or deny the allegations in paragraph 63 of the First Amended Complaint that an unidentified inmate in Unit Alpha attended nursing school or that an unidentified inmate in Unit Alpha complained to an unidentified employee of CoreCivic. CoreCivic denies the remaining allegations in paragraph 63 of the First Amended Complaint and all allegations of wrongdoing.

64. CoreCivic admits that King was housed in an eight-person cell during a portion of her incarceration at the Detention Facility. CoreCivic denies the remaining allegations in paragraph 64 of the First Amended Complaint and all allegations of wrongdoing.

65.     CoreCivic lacks knowledge or information sufficient to admit or deny the allegation in paragraph 65 of the First Amended Complaint that an unidentified inmate refused to go into the same room as King.  CoreCivic denies the remaining allegations in paragraph 65 of the First Amended Complaint and all allegations of wrongdoing.

66.     CoreCivic lacks knowledge or information sufficient to admit or deny the allegations in paragraph 66 of the First Amended Complaint that an unidentified employee of CoreCivic conducted an internet search or that an unidentified employee of CoreCivic made a statement regarding the condition of unidentified inmates.  CoreCivic denies the remaining allegations in paragraph 66 of the First Amended Complaint and all allegations of wrongdoing.

67.     CoreCivic admits that some inmates discussed scabies during their respective incarcerations at the Detention Facility.  CoreCivic denies the remaining allegations in paragraph 67 of the First Amended Complaint and all allegations of wrongdoing.

68.     CoreCivic lacks knowledge or information sufficient to admit or deny the allegation in paragraph 68 of the First Amended Complaint that unidentified inmates had telephone conversations with their family members.  CoreCivic denies the remaining allegations in paragraph 68 of the First Amended Complaint and all allegations of wrongdoing.

69.     CoreCivic lacks knowledge or information sufficient to admit or deny the allegations in paragraph 69 of the First Amended Complaint.  Nevertheless, CoreCivic denies all allegations of wrongdoing.

70-72.  CoreCivic denies the allegations in paragraphs 70 through 72 of the First Amended Complaint and all allegations of wrongdoing.

73.     CoreCivic lacks knowledge or information sufficient to admit or deny the allegation in paragraph 73 of the First Amended Complaint that unidentified inmates promised to

file grievances during their respective incarcerations at the Detention Facility. CoreCivic denies the remaining allegations in paragraph 73 of the First Amended Complaint and all allegations of wrongdoing.

74. CoreCivic lacks knowledge or information sufficient to admit or deny the allegation in paragraph 74 of the First Amended Complaint that Snead experienced itching on May 12, 2017. CoreCivic denies the remaining allegations in paragraph 74 of the First Amended Complaint and all allegations of wrongdoing.

75. CoreCivic lacks knowledge or information sufficient to admit or deny the allegation in paragraph 75 of the First Amended Complaint that on May 13, 2017, Snead experienced difficulty sleeping. CoreCivic denies the remaining allegations in paragraph 75 of the First Amended Complaint and all allegations of wrongdoing.

76. CoreCivic lacks knowledge or information sufficient to admit or deny the allegation in paragraph 76 of the First Amended Complaint that Snead experienced itching and difficulty sleeping. CoreCivic denies the remaining allegations in paragraph 76 of the First Amended Complaint and all allegations of wrongdoing.

77. CoreCivic admits that an individual identified as Snead's child visited her on May 14, 2017, at the Detention Facility and that May 14, 2017, was Mother's Day. CoreCivic denies the remaining allegations in paragraph 77 of the First Amended Complaint and all allegations of wrongdoing.

78. CoreCivic denies the allegations in paragraph 78 of the First Amended Complaint and all allegations of wrongdoing.

79. CoreCivic admits that the Detention Facility was placed on lockdown for a semi-annual facility shakedown that was conducted on May 15, 16, and 17, 2017. CoreCivic denies

13

the remaining allegations in paragraph 79 of the First Amended Complaint and all allegations of wrongdoing.

80.     CoreCivic admits that Snead placed a telephone call on May 17, 2017.  CoreCivic lacks knowledge or information sufficient to admit or deny the remaining allegations in paragraph 80 of the First Amended Complaint.  CoreCivic denies all allegations of wrongdoing.

81.     CoreCivic admits that a medical provider evaluated Snead on May 18, 2017.  CoreCivic lacks knowledge or information sufficient to admit or deny the allegation in paragraph 81 of the First Amended Complaint that Snead's family communicated with the Health Department.  CoreCivic denies the remaining allegations in paragraph 81 of the First Amended Complaint and all allegations of wrongdoing.

82.     CoreCivic admits that Snead was transported to an offsite medical appointment on May 19, 2017.  CoreCivic lacks knowledge or information sufficient to admit or deny the allegations in paragraph 82 of the First Amended Complaint regarding the actions of Snead's dermatologist.  Core Civic denies the remaining allegations in paragraph 82 of the First Amended Complaint and all allegations of wrongdoing.

83.     The note from the physician's assistant speaks for itself, and CoreCivic denies all allegations in paragraph 83 of the First Amended Complaint that are inconsistent with the note.  CoreCivic denies the allegations that are contained within the note, the remaining allegations in paragraph 83 of the First Amended Complaint, and all allegations of wrongdoing.

84-85.  CoreCivic denies the allegations in paragraphs 84 through 85 of the First Amended Complaint and all allegations of wrongdoing.

86.     CoreCivic admits that a transcript excerpt  is attached as Exhibit A to the First Amended Complaint.  CoreCivic denies all allegations of wrongdoing.

87. CoreCivic admits that King was released from the Detention Facility on May 21, 2017. CoreCivic lacks knowledge or information sufficient to admit or deny the allegations in paragraph 87 of the First Amended Complaint regarding what King did following her release from the Detention Facility. CoreCivic denies the remaining allegations in paragraph 87 of the First Amended Complaint and all allegations of wrongdoing.

88. CoreCivic denies the allegations in paragraph 88 of the First Amended Complaint and all allegations of wrongdoing.

89. CoreCivic lacks knowledge or information sufficient to admit or deny the allegation in paragraph 89 of the First Amended Complaint regarding medical treatment that Snead received following her release from the Detention Facility. CoreCivic denies the remaining allegations in paragraph 89 of the First Amended Complaint and all allegations of wrongdoing.

90-91. CoreCivic denies the allegations in paragraphs 90 through 91 of the First Amended Complaint and all allegations of wrongdoing.

92. CoreCivic lacks knowledge or information sufficient to admit or deny the allegations in paragraph 92 of the First Amended Complaint regarding the medical treatment that an unidentified inmate received during his incarceration at the Detention Facility. CoreCivic denies the remaining allegations in paragraph 92 of the First Amended Complaint and all allegations of wrongdoing.

93-94. CoreCivic denies the allegations in paragraphs 93 through 94 of the First Amended Complaint and all allegations of wrongdoing.

95. CoreCivic lacks knowledge or information sufficient to admit or deny the allegations in paragraph 95 of the First Amended Complaint regarding the medical treatment that

an unidentified inmate received during his incarceration at the Detention Facility. CoreCivic denies the remaining allegations in paragraph 95 of the First Amended Complaint and all allegations of wrongdoing.

96. CoreCivic lacks knowledge or information sufficient to admit or deny the allegations in paragraph 96 of the First Amended Complaint regarding a conversation between an unidentified inmate and the Health Department or regarding the medical treatment that an unidentified inmate received during his incarceration at the Detention Facility. CoreCivic denies the remaining allegations in paragraph 96 of the First Amended Complaint and all allegations of wrongdoing.

97. CoreCivic denies the allegations in paragraph 97 of the First Amended Complaint and all allegations of wrongdoing.

98. At this time, CoreCivic lacks knowledge or information sufficient to admit or deny the allegations in paragraph 98 of the First Amended Complaint regarding precisely when members of the Health Department visited the Detention Facility in July 2017. CoreCivic denies the remaining allegations in paragraph 98 of the First Amended Complaint and all allegations of wrongdoing.

99-106. CoreCivic denies the allegations in paragraphs 99 through 106 of the First Amended Complaint and all allegations of wrongdoing.

107. CoreCivic lacks knowledge or information sufficient to admit or deny the allegations in paragraph 107 of the First Amended Complaint that Snead had conversations with other inmates incarcerated at the Detention Facility. CoreCivic denies the remaining allegations in paragraph 107 of the First Amended Complaint and all allegations of wrongdoing.

16

108-110.     CoreCivic denies the allegations in paragraphs 108 through 110 of the First Amended Complaint and all allegations of wrongdoing.

111-112.     The allegations in paragraphs 111 through 112 of the First Amended Complaint are legal conclusions to which no response is required.

113-127.     CoreCivic denies the allegations in paragraphs 113 through 127 of the First Amended Complaint and all allegations of wrongdoing.

128.     CoreCivic admits that Plaintiffs were incarcerated at the Detention Facility.  The remaining allegations in paragraph 128 of the First Amended Complaint are legal conclusions to which no response is required.

129.     The allegations in paragraph 129 of the First Amended Complaint are legal conclusions to which no response is required.

130.     CoreCivic admits that it has responsibility for the movement and placement of inmates incarcerated at the Detention Facility.  CoreCivic denies the remaining allegations in paragraph 130 of the First Amended Complaint and all allegations of wrongdoing.

131-155.     CoreCivic denies the allegations in paragraphs 131 through 155 of the First Amended Complaint and all allegations of wrongdoing.

156-158.     CoreCivic denies that Plaintiffs are entitled to the damages and relief that they seek in paragraphs 156 through 158 of the First Amended Complaint and all allegations of wrongdoing.

All allegations not previously admitted hereby are denied.

## **THIRD DEFENSE**

Plaintiffs failed to exhaust their administrative remedies, as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e.

**FOURTH DEFENSE**

All or part of Plaintiffs' claims fail to rise to the level of constitutional violations sufficient to state a claim pursuant to 42 U.S.C. § 1983 ("Section 1983").

**FIFTH DEFENSE**

Plaintiffs' claims against CoreCivic brought pursuant to Section 1983 fail to state a claim upon which relief can be granted because Plaintiffs cannot hold CoreCivic liable for the alleged constitutional violations of others on a *respondeat-superior* theory of liability.

**SIXTH DEFENSE**

Plaintiffs' claims against CoreCivic brought pursuant to Section 1983 cannot stand because Plaintiffs did not suffer a physical injury that is more than *de minimis*.

**SEVENTH DEFENSE**

Plaintiffs' claims sound in medical malpractice, and Plaintiffs failed to comply with T.C.A. § 29-26-121 or T.C.A. § 29-26-122.

**EIGHTH DEFENSE**

Any procedural due process claim that Plaintiffs are attempting to assert cannot stand because Plaintiffs cannot establish the elements of a procedural due process claim, including that they had a life, liberty, or property interest protected by the Due Process Clause, that CoreCivic deprived them of any protected interest, and that CoreCivic did not afford them adequate procedural rights prior to depriving them of the property interest.

**NINTH DEFENSE**

Any substantive due process claim that Plaintiffs are attempting to assert cannot stand because they cannot establish the elements of a substantive due process claim, including that they have a protected property interest, that CoreCivic denied them of an immunity, right, or

privilege secured by the United States Constitution or a federal statute, or that CoreCivic's conduct shocks the conscience.

## TENTH DEFENSE

Any substantive due process claim that Plaintiffs are attempting to assert cannot stand because when a particular constitutional amendment provides an explicit textual source of constitutional protection against a particular sort of alleged conduct, that constitutional amendment and not the more generalized notion of substantive due process governs.

## ELEVENTH DEFENSE

The request for injunctive relief is moot because Plaintiffs are not incarcerated at the Detention Facility.

## TWELFTH DEFENSE

Plaintiffs are barred from proceeding with this action as a class action pursuant to Federal Rule of Civil Procedure 23 because the class definition is overbroad.

## THIRTEENTH DEFENSE

Plaintiffs are barred from proceeding with this action as a class action pursuant to Federal Rule of Civil Procedure 23 because the class definition contains no temporal restriction.

## FOURTEENTH DEFENSE

Plaintiffs are barred from proceeding with this action as a class action pursuant to Federal Rule of Civil Procedure 23 because the individual issues of law and fact affecting Plaintiffs lack commonality to the questions of law and fact affecting all putative class members.

## FIFTEENTH DEFENSE

Plaintiffs are barred from proceeding with this action as a class action pursuant to Federal Rule of Civil Procedure 23 because their claims are not typical of the claims of the members of the putative class.

## SIXTEENTH DEFENSE

Plaintiffs are barred from proceeding with this action as a class action pursuant to Federal Rule of Civil Procedure 23 because Plaintiffs will not fairly or adequately protect the interest of putative class members.

## SEVENTEENTH DEFENSE

Plaintiffs are barred from proceeding with this action as a class action pursuant to Federal Rule of Civil Procedure 23 because: (1) there is no risk of inconsistent or varying adjudications with respect to individual putative class members that would establish incompatible standards of conduct by CoreCivic; and (2) adjudications with respect to Plaintiffs or as to any individual member of the putative class would not be dispositive of the interests of the other members of the putative class and would not substantially impair of impede the ability of the other members of the putative class to protect their individual interests.

## EIGHTEENTH DEFENSE

Plaintiffs are barred from proceeding with this action as a class action pursuant to Federal Rule of Civil Procedure 23 because CoreCivic neither has acted nor refused to act on grounds that apply generally to the class, and, thus, the requested injunctive relief is inappropriate with respect to the class as a whole.

## NINETEENTH DEFENSE

CoreCivic's liability for punitive damages, if any, is limited by the Due Process Clause of the United States Constitution.

CoreCivic demands a jury to try this cause.

Respectfully submitted,


/s/ Erin Palmer Polly
Joseph F. Welborn, III (#15076)
Erin Palmer Polly (#22221)
Jason W. Callen (#26225)
Paige Ayres Nutini (#34133)
Butler Snow LLP
The Pinnacle at Symphony Place
150 Third Avenue, South
Nashville, Tennessee 37201
(615) 651-6700
(615) 651-6701

*Counsel for Defendant CoreCivic, Inc.*

## CERTIFICATE OF SERVICE

I certify that a true and exact copy of the foregoing has been served upon Filing Users via the electronic filing system and on other counsel via U. S. Mail, first-class postage prepaid, this November 10, 2017, on the following:

W. Gary Blackburn
Bryant Kroll
The Blackburn Firm, PLLC
213 Fifth Avenue North, Suite 300
Nashville, Tennessee 37219

Jeffery S. Roberts
Jeff Rogers & Associates, PLLC
213 Fifth Avenue North, Suite 300
Nashville, Tennessee 37219

R. Joshua McKee
The McKee Law Firm
213 Fifth Avenue North, Suite 300
Nashville, Tennessee 37219

/s/ Erin Palmer Polly

39264979.v1